UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MARIO ALFONSO TELLO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-00008-TWP-DML |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying Certificate of Appealability**

This matter is before the Court on the motion of Mario Alfonso Tello ("Mr. Tello") for

relief pursuant to 28 U.S.C. § 2255. For the reasons explained in this Entry, the motion must be

**denied** and the action dismissed with prejudice. In addition, the Court finds that a certificate of

appealability should not issue.

**I. The § 2255 motion**

**A. Background**

On July 19, 2016, Mr. Tello was charged in a four-count Indictment along with two others.

Specifically, he was charged in Count 1: conspiracy to possess with the intent to distribute and/or

distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846; and

Count 3: attempted possession with the intent to distribute 5 kilograms or more of cocaine, in

violation of 21 U.S.C. §§ 841(a)(1) and 846. *See United States v. Tello,* 1:16-cr-151-TWP-DKL-

3 (hereinafter "Crim. Dkt."); Crim. Dkt. 32.

On October 19, 2016, an Information was filed pursuant to 21 U.S.C. § 851, alleging that

Mr. Tello had a prior felony drug conviction. Crim. Dkt. 64.

Title 21 U.S.C. § 841(b)(1) in effect at the time of his sentencing stated: "If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years and not more than life imprisonment." 21 U.S.C. § 841 (effective Aug. 3, 2010, to December 20, 2018). Section 851, however, provides that, "[n]o person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon." 21 U.S.C. § 851. A "felony drug offense" is defined as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marijuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44).

Mr. Tello's prior felony drug convictions at the time the Indictment was filed consisted of:

1. 1998 Possession of Marijuana, Felony, 79th District Court of Brooks County, Falfurrias, Texas, Case No. 99-04-06326. Crim. Dkt. 89, Presentence Investigation Report (PSR) at ¶ 37.

2. 2006 Possession of Cocaine, Felony, Marion County Superior Court, Indianapolis, Indiana, Case No. 49G14-0604-FD-072348. PSR at ¶ 40.

On December 15, 2016, a petition to enter plea of guilty and plea agreement pursuant to Federal Rules of Criminal Procedure 11(c)(1)(C) was filed. Crim. Dkt. 73. Mr. Tello agreed to plead guilty to Count 3 of the Indictment and the United States agreed to dismiss Count 1, as well as refrain from filing a second Information pursuant to § 851 alleging that Mr. Tello had a second prior felony drug conviction. *Id.* at p. 1 and 11-12.

Based on the filing of a single § 851 Information, the statutorily required minimum sentence was 20 years and the maximum sentence was life imprisonment. PSR at ¶ 74. The parties agreed to a term of imprisonment of 240 months, the mandatory minimum under the statute. Crim. Dkt. 73 at ¶ 9.

Mr. Tello waived the right to appeal the conviction and sentence imposed and waived the right to any collateral attacks on his conviction or sentence with the exception of ineffective assistance of counsel. *Id.* at ¶¶ 14-15.

On March 17, 2017, the Court accepted Mr. Tello's plea agreement, finding that the plea of guilty was knowingly and voluntarily made and supported by an independent basis of fact. Crim. Dkt. 92 (Judge Larry J. McKinney presiding). The Court accepted the terms of the plea agreement and sentenced Mr. Tello to 240 months' imprisonment to be followed by ten years' supervised release. *Id.*

Mr. Tello did not appeal his conviction or sentence. But, on January 2, 2018, Mr. Tello filed a motion for post-conviction relief pursuant to § 2255, alleging that that his counsel was ineffective for failing to challenge the § 851 Information.

## B. Discussion

The Court must grant a § 2255 motion when a petitioner's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. However, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt v. U.S.*, 83 F.3d 812, 816 (7th Cir. 1996). Relief under § 2255 is available only if an error is "constitutional, jurisdictional, or is a fundamental defect which inherently results in a complete miscarriage of justice." *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997) (quotations omitted). It is

appropriate to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255.

Mr. Tello asserts that his attorney was ineffective during plea negotiations and at sentencing because counsel failed to challenge the § 851 enhancement on due process grounds. Mr. Tello's reply makes clear that he does not dispute that the he had two felony drug offenses that are proper § 851 enhancements. Instead, he believes that the § 851 Information and subsequent sentencing enhancement were unconstitutional because they were used to punish him for preparing his defense and proceeding to trial. Dkt. 17 at p 1-2.

The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. Amend. VI. This right to assistance of counsel encompasses the right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771, n. 14 (1970); *Watson v. Anglin*, 560 F.3d 687, 690 (7th Cir. 2009).

A party claiming ineffective assistance of counsel bears the burden of showing (1) that his trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688–94 (1984); *United States v. Jones*, 635 F .3d 909, 915 (7th Cir. 2011). *See also Stitts v. Wilson,* 713 F.3d 887, 891 (7th Cir. 2013) (petitioner has burden of demonstrating both deficient performance and prejudice). To satisfy the first prong of the *Strickland* test, the petitioner must direct the Court to specific acts or omissions of his counsel. *Wyatt v. United States*, 574 F.3d 455, 458 (7th Cir.

2009). The Court must then consider whether in light of all of the circumstances, counsel's performance was outside the wide range of professionally competent assistance. *Id.*

Mr. Tello's specification of ineffective assistance of counsel is that his counsel failed to challenge the filing (not the accuracy) of the § 851 Information as a violation of his due process rights. He explains that he advised his attorney that he wanted to go to trial, but after the United States filed the § 851 Information on October 19, 2016, "[r]ather than challenge the filing of this information on due process grounds, counsel persisted to advise Tello to plead guilty in order to avoid a mandatory sentence of life imprisonment. This constituted deficient performance." Dkt. 17 at p. 3. Mr. Tello relies on *United States v. Kupa*, 976 F.Supp.2d 417, 426 (E.D.N.Y. Oct. 9, 2013), to support the proposition that prosecutors cannot use their discretion under § 851 to trigger enhanced punishment as a tool to strong-arm federal defendants into pleading guilty or to punish those who exercise their right to trial. Dkt. 17 at p. 2 (citing *Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978)).

The United States' response brief acknowledges that the § 851 Information was used as a bargaining chip to encourage Mr. Tello to plead guilty. "The government, in negotiating a plea agreement with Tello, agreed to only enhance his sentence with one § 851 as a concession in exchange for Tello's plea. Had Tello not entered this plea agreement, he could have faced a mandatory life sentence if the government chose to file the additional § 851 Information." Dkt. 14.

Unfortunately for Mr. Tello, his theory of relief--that these circumstances violated his due process rights--is not supported by the cases that the cites. The Supreme Court held in *Bordenkircher* that the Due Process Clause of the Fourteenth Amendment is **not violated** when a prosecutor carries out a threat made during plea negotiations to reindict the accused on more

serious charges if he does not plead guilty to the offense with which he was originally charged. *Bordenkircher,* 434 U.S. at 358. The Court explained, "To punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort, . . . [b]ut in the 'give-and-take' of plea bargaining, there is no such element of punishment or retaliation so long as the accused is free to accept or reject the prosecution's offer." *Bordenkircher*, 434 U.S. at 363. In *Kuba,* the Eastern District of New York assumed that the government's use of prior felony information to encourage a defendant to plead guilty "is permissible" under *Bordenkircher. Kuba,* 976 F.Supp.2d at 421; *see also id.* at 460 (acknowledging that disposition flowed from assumption of "the constitutionality of using prior felony informations as bludgeons in federal prosecutors' efforts to get defendants to plead guilty.").

Under these circumstances, Mr. Tello's counsel was not constitutionally deficient for failing to challenge the filing of the § 851 Information on the basis that it violated Mr. Tello's due process rights. Had such a challenge been made, it would have been rejected. The United States has discretion to file a § 851 Information or to threaten to file an § 851 Information in an effort to get a defendant to plead guilty.

> "'While confronting a defendant with the risk of more severe punishment clearly may have a discouraging effect on the defendant's assertion of his trial rights, *the imposition of these difficult choices [is] an inevitable-and permissible-attribute of any legitimate system which tolerates and encourages the negotiation of pleas.*'"

*Politte v. United States*, 852 F.2d 924, 930 (7th Cir. 1988) (*quoting Chaffin v. Stynchcombe*, 412 U.S. 17 (1973) (emphasis added); and *Bordenkircher,* 434 U.S. at 364)). In other words, Mr. Tello's counsel's representation was in no way deficient. *See Warren v. Baenen,* 712 F.3d 1090, 1104 (7th Cir. 2013) ("Counsel is not ineffective for failing to raise meritless claims."); *United*

*States v. Carter*, 355 F.3d 920, 924 (7th Cir. 2004) ("[I]t is evident that failing to make a motion with no chance of success could not possibly prejudice the outcome.").

Mr. Tello's counsel negotiated a favorable plea agreement of 240 months—when his sentencing guideline range was 240 months to life. Mr. Tello received the benefit of a three-level sentencing reduction for acceptance of responsibility and the government agreed not to file an additional § 851 enhancement that would have created a mandatory minimum sentence of life imprisonment. Crim. Dkt. 73. Under these circumstances, there is no credible claim of deficient performance by Mr. Tello's attorney.

### C. Conclusion

For the reasons explained in this Entry, Mr. Tello has failed to show that he is entitled to the relief he seeks, and his motion for relief pursuant to 28 U.S.C. § 2255 must be **denied.** Judgment consistent with this Entry shall now issue.

This Entry shall also be entered on the docket in the underlying criminal action, 1:16-cr-151-TWP-DKL-3.

## II.  Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2255 Proceedings*, and 28 U.S.C. § 2253(c), the Court finds that Mr. Tello has failed to show that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore denies a certificate of appealability.

**IT IS SO ORDERED.**

Date: 11/21/2019

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

MARIO ALFONSO TELLO
15306-028
ELKTON - FCI
ELKTON FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 10
LISBON, OH 44432

Barry D. Glickman
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
barry.glickman@usdoj.gov