UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:16-cr-151-TWP-DKL-03 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| MARIO ALFONSO TELLO | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:16-cr-00151-TWP-DKL-3 |
| ) | |
| MARIO ALFONSO TELLO, ) | |
| ) | |
| Defendant. ) | |

### ORDER DENYING COMPASSIONATE RELEASE

This matter is before the court on Defendant Mario Tello's ("Mr. Tello") *pro se* motion that the Court construes as a motion for compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). (Dkt. 122.) Mr. Tello seeks immediate release from incarceration in light of the Coronavirus pandemic, because he has a low immune system. *Id.* Because Mr. Tello has not shown extraordinary and compelling reasons for a sentence reduction, his motion is **denied.**[1]

### I.    BACKGROUND

In March 2017, Mr. Tello pled guilty to Attempted Possession with Intent to Distribute 5 Kilograms or More of Cocaine. In accordance with the terms of his binding agreement, filed pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the Court sentenced him to 240 months' imprisonment and 10 years of supervised release. (Dkts. 92, 93.) In particular, Mr. Tello participated in a drug distribution conspiracy involving at least 5 kilograms but less than 15 kilograms of cocaine. Judgment was entered on March 23, 2018. (Dkt. 93.)

---

[1] In the motion, Mr. Tello asks the Court to appoint counsel to represent him. For the reasons stated in this Order, the interests of justice do not support appointing counsel. Accordingly, the request to appoint counsel is **denied**.

On September 14, 2020, Mr. Tello filed a letter asking the Court to appoint counsel to represent him for purposes of filing a motion for compassionate release. (Dkt. 120.) The Court denied the motion without prejudice because Mr. Tello's letter did not shown that he was entitled to compassionate release or that the interests of justice supported appointing counsel at that time. (Dkt. 121.) The Court informed Mr. Tello that he could pursue a motion for compassionate release by completing and returning the Court's form compassionate release motion. *Id*. On October 5, 2020, Mr. Tello completed and returned the Court's form compassionate release motion. (Dkt. 122.) That motion currently pending before the Court is ripe for a ruling.[2]

## II.   DISCUSSION

Mr. Tello is 40 years old.  He is presently incarcerated at Federal Correctional Institute Elkton in Lisbon, Ohio ("FCI Elkton").  As of October 7, 2020, the Bureau of Prisons ("BOP") reports that FCI Elkton has 2 active COVID-19 cases among inmates; it also reports that 9 inmates at FCI Elkton have died of COVID-19, and that 939 have recovered from the virus. https://www.bop.gov/coronavirus/ (last visited Oct. 7, 2020). According to the BOP website, Mr. Tello's release date is August 13, 2033.

The Court understands Mr. Tello to be arguing in his renewed motion that he should be released from incarceration because he has a medical condition (described as a "low immune system") that puts him at risk for experiencing severe COVID-19 symptoms and because he contracted COVID-19 while in custody at FCI Elkton. (Dkt. 122 at 2, 4.) He explains that he tested positive for COVID-19 on May 27, 2020. *Id*. at 4; *see also* Dkt. 122-1. Mr. Tello complains that officials at FCI Elkton are not handling COVID-19 the way they should and states that he

---

[2] The Court concludes that it does not require a response brief from the Government to decide the issues presented by Mr. Tello's motion.

3

fears for his life. (Dkt. 122 at 4.) Mr. Tello does not contend that when he contracted the virus in May, that he suffered from any symptoms of COVID-19, let alone severe ones. Mr. Tello also does not contend that he is currently COVID-19 positive or still suffering from symptoms of COVID-19. Thus, he appears to be among the 939 inmates at FCI Elkton who have recovered from the virus.

> 18 U.S.C. § 3582(c) provides in relevant part:
>
> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>     **(i)** extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). It directed that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *Id.* In response to this directive, the Sentencing Commission promulgated a policy statement regarding compassionate release under § 3582(c), contained in United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13 and the accompanying Application Notes. While that particular policy statement has not yet been updated to reflect that defendants (and not just the BOP) may move for

4

compassionate release,[3] courts have universally turned to U.S.S.G. § 1B1.13 to provide guidance on the "extraordinary and compelling reasons" that may warrant a sentence reduction. *E.g.*, *United States v. Casey*, 2019 WL 1987311, at *1 (W.D. Va. 2019); *United States v. Gutierrez*, 2019 WL 1472320, at *2 (D.N.M. 2019); *United States v. Overcash*, 2019 WL 1472104, at *2-3 (W.D.N.C. 2019). There is no reason to believe, moreover, that the identity of the movant (either the defendant or the BOP) should have any impact on the factors the Court should consider.

As provided in § 1B1.13, consistent with the statutory directive in § 3582(c)(1)(A), the compassionate release analysis requires several findings. First, the Court must address whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). Second, the Court must determine whether Mr. Tello is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, the Court must consider the § 3553(a) factors, "to the extent they are applicable." U.S.S.G. § 1B1.13.

Subsections (A)-(C) of Application Note 1 to § 1B1.13 identify three specific "reasons" that qualify as "extraordinary and compelling": (A) terminal illness diagnoses or serious conditions from which a defendant is unlikely to recover and which "substantially diminish[]" the defendant's capacity for self-care in prison; (B) aging-related health decline where a defendant is over 65 years old and has served at least ten years or 75% of his sentence, whichever is less; or (C) certain family circumstances (the death or incapacitation of the caregiver of the defendant's minor child or the

---

[3]Until December 21, 2018, only the BOP could bring a motion for sentence reduction under § 3582(c)(1)(A). The First Step Act of 2018, which became effective on December 21, 2018, amended § 3582(c)(1)(A) to allow defendants to bring such motions directly, after exhausting administrative remedies. *See* 132 Stat. at 5239 (First Step Act § 603(b)).

5

incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner). U.S.S.G. § 1B1.13, Application Note 1(A)–(C). Subsection (D) adds a catchall provision for "extraordinary and compelling reason[s] other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.*, Application Note 1(D).[4]

Mr. Tello does not suggest that Subsections (A)-(C) of Application Note 1 to § 1B1.13 apply to him. (*See* Dkt. 122 at 2.) Thus, the question is whether the catchall provision for extraordinary and compelling reasons applies in this case.

The Court concludes that it does not. The Court will assume that Mr. Tello's "low immune system" is a condition that may increase his risk of experiencing severe COVID-19 symptoms. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Oct. 7, 2020) (stating that having a weakened immune system may increase the risk of severe illness from COVID-19). But Mr. Tello contracted COVID-19 more than four months ago. He does not claim to be suffering from any lasting effects from the virus—

---

[4] The policy statement provides that "[a] reduction under this policy statement may be granted only upon motion by the Director of the Bureau of Prisons." U.S.S.G. Manual § 1B1.13, Application Note 4. Likewise, the catchall provision provides, "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.*, Application Note 1(D). This policy statement has not been amended since the passage of the First Step Act. Insofar as it states that only the Director of the BOP can bring a motion under § 3582(c)(1)(A), it is directly contradicted by the amended statutory text. This discrepancy has led some courts to conclude that the Commission does not have a policy position applicable to motions under § 3582(c)(1)(A)(i) and that they have discretion to determine what constitutes an "extraordinary and compelling reason" on a case-by-case basis, looking to the policy statement as helpful, but not dispositive. *See, e.g., United States v. Perdigao*, No. 07-103, 2020 WL 1672322, at *2 (E.D. La. Apr. 2, 2020) (collecting cases); *see also United States v. Haynes*, No. 93 CF 1043 (RJD), 2020 WL 1941478, at *14 (E.D.N.Y. Apr. 22, 2020) (collecting cases). Other courts have held that they must follow the policy statement as it stands and, thus, that the Director of the BOP is the ultimate arbiter of what counts as "extraordinary and compelling" under the catchall provision. *See, e.g., United States v. Lynn*, No. 89-0072-WS, 2019 WL 3805349, at *2–4 (S.D. Ala. Aug. 13, 2019). The Court need not resolve that debate, though, because Mr. Tello's motion is due to be denied even if the Court assumes that the policy statement is not binding and that it has the discretion to determine what constitutes an "extraordinary and compelling reason" for a sentence reduction.

6

or even that he ever experienced any symptoms at all. Thus, he has not shown extraordinary and compelling reasons warranting a sentence reduction. *See, e.g.*, *United States v. Weatherspoon*, No. 2:11-cr-9-JMS-CMM-07, Dkt. 894 (S.D. Ind. July 7, 2020) (finding no extraordinary and compelling reason where defendant had conditions putting him at risk for severe COVID-19 symptoms and had been hospitalized after testing positive for COVID-19, but had since recovered); *United States v. Wyatt*, No. 3:17-cr-11-RLY-MPB-02, Dkt. 165 (S.D. Ind. Sept. 3, 2020) (finding no extraordinary and compelling reason where defendant had conditions putting him at risk for severe COVID-19 symptoms and had tested positive for COVID-19 but remained asymptomatic).

The Court acknowledges Mr. Tello's assertions that officials at FCI Elkton have not handled the COVID-19 pandemic appropriately. Complaints about the BOP's handling of the pandemic could conceivably form the basis of a suit for civil relief.[5] But they do not represent a reason to release Mr. Tello from incarceration more than 12 years early.

Given the Court's determination that Mr. Tello has not shown extraordinary and compelling reasons to justify his release, it does not need to decide whether he poses a danger to the community or whether the § 3553(a) factors weigh in favor of his release.

### III. CONCLUSION

For the reasons stated above, Mr. Tello's renewed motion for compassionate release, (Dkt. [122]), is **DENIED**.

**SO ORDERED.**

---

[5] The Court notes that FCI Elkton's handling of the COVID-19 pandemic is currently the subject of an ongoing class action lawsuit. *See Wilson v. Williams*, No. 4:20-cv-794-JG (N.D. Ohio).

Date: 10/9/2020 _____

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Mario Alfonso Tello, Reg. No. 15306-028
Federal Correctional Institution Elkton
P.O. Box 10
Lisbon, Ohio  44432

Barry D. Glickman
UNITED STATES ATTORNEY'S OFFICE
barry.glickman@usdoj.gov